```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

WARREN K. BAILEY,              }
                               }
     Plaintiff,                }
                               }
                               }     CIVIL ACTION NO.
v.                             }     06-AR-0159-S
                               }
LAWYERS TITLE INSURANCE        }
CORPORATION,                   }
                               }
     Defendant.                }
```

### MEMORANDUM OPINION

On December 22, 2006, the court conducted an oral hearing on cross-motions for summary judgment filed in this case by plaintiff, Warren K. Bailey ("Bailey"), and by defendant, Lawyers Title Insurance Corporation ("Lawyers Title"). Not only did the parties orally supplement their briefs by responding to the court's questions designed to improve the court's understanding of the legal issues and of the facts, but the parties actually supplemented the summary judgment record by submitting factual materials requested by the court, and by entering into oral stipulations as to certain pertinent facts.

It is not invariably true that when both sides insist on summary judgment, they are, by doing so, agreeing that the undisputed facts lead to victory for one or the other and that there are no material facts in dispute, but this is such a case. The dispositive facts are relatively simple, if Byzantine, and are undisputed. It is the parties' differing interpretation of

the facts that creates the "case or controversy" over which this court has diversity jurisdiction under 28 U.S.C. §1332.

### The Pertinent Undisputed Facts

Bailey owns a substantial tract of valuable real property situated in Shelby County, Alabama.  It does not abut a public road, but, as the crow flies, it is not far from Alabama State Highway #41.  It is separated from Highway #41 by one or more parcels owned by others.  One of these "others" is Sunny Clowdus. A straight north-south 20-foot-wide, recorded easement connects Bailey's property with Highway #41.  This easement was expressly created in 1986 by a duly recorded deed from the predecessors-in-title who then owned both of the properties now owned by Bailey and by Clowdus.  Without doubt, this easement crosses Clowdus's property and was designed to serve the Bailey property and other property.  The right-of-way is not cleared or graded and does not contain any road surface except where it coexists with an old dirt road known as Winding Stair Trail.

Whether the future construction of a road, if it were placed entirely within the said 20 foot easement, is feasible as a matter of engineering and cost is not demonstrated by the record. For instance, the topography nowhere appears among the facts in evidence.  A stream known as Shoal Creek is crossed both by the recorded 20 foot easement and by Winding Stair Trail.  Clowdus, the owner of the property abutting Shoal Creek at both the point

where Winding Stair Trail crosses it and the point where the 20 foot easement crosses, has constructed a bridge over the creek entirely within and upon the 20 foot easement.  It is hard to believe, but theoretically possible, that Clowdus built the bridge entirely within the 20 foot easement by accident, without knowing of the existence of the easement or of its location.  The bridge was obviously built both to replace an old, abandoned foot bridge over Shoal Creek and to provide vehicular access over Shoal Creek.  Largely within, but substantially outside of, the 20 foot easement is Winding Stair Trail, which, from the undisputed facts, may or may not be a public road by prescription, but which has for years been used as the only means of access from Highway #41 to the Bailey property, to the Clowdus property and to other real property south of Highway #41.

It is possible for vehicular traffic to traverse Winding Stair Trail, the precise width and precise condition of which is not reflected by the record.  Although Winding Stair Trail deviates from the 20 foot easement, even where it deviates it roughly parallels the easement.  It crosses Shoal Creek at a ford that is near the Clowdus bridge but not on the 20 foot easement upon which the bridge is located.  When the water in Shoal Creek is high, vehicular access to Bailey's property by Winding Stair Trail is hazardous, if not impossible.

For some time, Bailey's use of the bridge built and

maintained by Clowdus has been impeded by Clowdus's construction of a gate that blocks Bailey's access to the bridge and that forces him to use the ford where Winding Stair Trail crosses. After a heated controversy between Bailey and Clowdus developed, Bailey attempted to improve the ford near the gated bridge, but met opposition to and disruption of his said efforts by Clowdus, whereupon Bailey and another property owner, who had likewise been denied the use of Clowdus's bridge, sued Clowdus and others in the Circuit Court of Shelby County, seeking, *inter alia*, declaratory and injunctive relief.  In particular, Bailey sought a declaration that he had an easement of access to Highway #41 across Clowdus's property at the bridge location.  The complaint filed in state court did not expressly describe the 20 foot access easement or the deed by which it was created in 1986.

Clowdus filed an answer to Bailey's complaint and a counterclaim that charged Bailey, *inter alia*, with trespass upon Clowdus's land, a charge entirely consistent with Clowdus's claim that Bailey had no right of ingress and egress over her land.

This court does not have before it the evidence that was presented to the Shelby County Circuit Court, but it does have the final order that was entered by the state court on January 16, 2004.  Although enigmatic in other respects, the said order contained the following clear and unambiguous holding here pertinent:

> **The Court finds that no easement was granted to the Plaintiffs [Bailey] across the bridge partially constructed by the defendant, Clowdus, which crosses Shoal Creek.**

(emphasis supplied).

The undisputed facts that are now before this court, the more important of which probably were not presented to the state court, lead this court to conclude that the state court reached the wrong conclusion. In truth and in fact, the bridge that was constructed by Clowdus is located entirely within a valid 20 foot easement that has existed since 1986.

On January 22, 2004, a shocked Bailey filed a post-judgment motion in the state court. He did not invoke Rule 59, Alabama Rules of Civil Procedure, but did, in a strange way, seek to reopen the case. A copy of his post-judgment motion (and the letter of present counsel for Lawyers Title reflecting the parties' agreement to add the motion to the summary judgment record) is attached hereto as Exhibit "A". It would appear that Bailey's said motion was never ruled on by the state court, unless implicitly by its being ignored. The motion makes clear that several highly pertinent pieces of evidence were not presented to the state court. Bailey thereupon appealed to the Alabama Court of Civil Appeals, which affirmed the trial court without opinion, and the Supreme Court of Alabama followed with a summary denial of Bailey's petition for *certiorari*, thus ending the state court case, and establishing, as a matter of law as

between Bailey and Clowdus, that Bailey has no access to the Clowdus bridge and thus no access to Highway #41 across Clowdus's property.

Not until after losing the state court case on appeal did Bailey call upon Lawyers Title under the policy of title insurance it had issued to Bailey when he bought the property here involved. This policy, issued on October 6, 1998, in addition to insuring the fee simple title to Bailey's tract described by metes and bounds, expressly insured a "45 foot easement for ingress and egress", also describing the said easement by metes and bounds. This 45 foot easement, although it at first confused this court, and perhaps confused the state court, is not what this controversy is about. The said 45 foot easement only connects Bailey's property to Winding Stair Trail, by which Bailey can either reach the 20 foot easement that, in turn, leads to Highway #41, or which he can alternatively use for access to Highway #41 by crossing the ford over Shoal Creek. The existence and location of this separate 45 foot easement is not in dispute, and is just as irrelevant in this case as it was in the state court case.

The dispute between Bailey and Lawyers Title arises from the standard, printed portion of the title policy by which Bailey is insured "against loss or damage, not exceeding the Amount of Insurance stated in Schedule A sustained or incurred by the

insured by reason of . . . **lack of a right of access to and from the land**". (emphasis supplied). Bailey claims that he lacks the right of access to and from his land guaranteed him by Lawyers Title, and therefore that Lawyers Title is in breach of its contract of insurance. Bailey does not argue that Lawyers Title guaranteed him a bridge over Shoal Creek.

The Lawyers Title policy also contains the following language regarding notification:

> (a) Upon written request by the insured and subject to the options contained in Section 6 of these Conditions and Stipulations, the Company, at its own cost and without unreasonable delay, shall provide for the defense of an insured in litigation in which any third party asserts a claim adverse to the title or interest as insured, but only as to those stated causes of action alleging a defect, lien or encumbrance or other matter insured against by this policy. The Company shall have the right to select counsel of its choice (subject to the right of the insured to object for reasonable cause) to represent the insured as to those stated causes of action and shall not be liable for and will not pay the fees or any other counsel. The Company will not pay any fees, costs or expenses incurred by the insurance in the defense of those causes of action which allege matters not insured against by this policy.
>
> (b) The Company shall have the right, at its own cost, to institute and prosecute any action or proceeding or to do any other act which in its opinion may be necessary or desirable to establish the title to the estate or interest or the lien of the insurance mortgage as insured, or to prevent or reduce loss or damage to the insured. The Company may take any appropriate action under the terms of this policy, whether or not it shall be liable hereunder, and shall not thereby concede liability or waive any provision of this policy. If the Company shall exercise its rights under this paragraph, it shall do so diligently.
>
> (c) Whenever the Company shall have brought an action or interposed defense as required or permitted by the provisions of this policy, the Company may pursue any litigation to final determination by a court of competent jurisdiction and expressly reserves the right, in its sole discretion, to appeal from any adverse judgment or order.

Lawyers Title defends by saying that Bailey, in fact, had access when the policy was issued, and, if he lacks access, it is

because he failed in his contractual obligation to timely notify Lawyers Title of his access problem.

## Conclusions of Law

Based on the undisputed facts, as between Bailey and Clowdus, no 20 foot easement of access exists in favor of Bailey over the property owned by Clowdus.  This is the product of a binding court decree.  **It is a matter of law as between Bailey and Clowdus**.  There is, in all probability, a public road by prescription known as Winding Stair Trail that traverses Clowdus's property and is useable by Bailey.  In other words, the 20 foot easement that was created in 1986 by the predecessors-in-title to both Clowdus and Bailey was judicially eliminated by decree of a court of competent jurisdiction **as between the litigants in that case, one of which was not Lawyers Title**.  Whether the state court order of January 16, 2004, binds successor-owners who may hereinafter acquire title from Clowdus and/or Bailey is a question for another day and hopefully one that will not be assigned to this court.

Bailey insists that Winding Stair Trail, which crosses a sometimes flooded Shoal Creek, does not provide him adequate or a "real" access, and therefore that he lacks the right of access promised him by Lawyers Title.  Whether "right of access" and an actual, usable "right-of-way" are synonyms, need not be decided.  This court finds that access by Winding Stair Trail may be

difficult but is not impossible. It is not necessary to decide whether Winding Stair Trail constitutes the "right of access" guaranteed by the title policy. It is clear to the court, however, that Lawyers Title never intended to guarantee the use of a bridge over Shoal Creek as part of the "right of access".

Lawyers Title's motion for summary judgment will be granted and Bailey's motion will be denied for two simple reasons. First, Lawyers Title was not a party to the state court litigation, and was never invited by Bailey, its insured, to defend his title to a right of access as he was required to do by the policy; and second, as between Bailey and Lawyers Title, the 20 foot easement of access still exists, just as it did when Lawyers Title insured Bailey. It is possible, if not probable, that if Lawyers Title had been called upon to defend when Clowdus first interfered with Bailey's use of the bridge and/or of the ford, the result in the state court would have been different. If Lawyers Title had provided Bailey a defense to Clowdus's challenge of a right of access, using the evidence it provided to this court, and the result in the state court had been adverse to Bailey, Lawyers Title would owe Bailey a bunch of money. But, that is not what happened. Based on the actual facts, this court has no reluctance in finding that *vis-a-vis* Bailey and Lawyers Title, the 20 foot easement created in 1986, despite what the state court held to the contrary, exists. If this creates an

enigma and a travesty, it is of Bailey's creation.  It is not the creation of Lawyers Title.  Bailey must look elsewhere for relief.

A separate order consistent with this opinion will be entered.

DONE this 31th day of January, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| WARREN K. BAILEY and, </br> JAMES GAINES, </br> </br> PLAINTIFF, </br> </br> VS. </br> </br> EUGENE B. BUTLER, SUNNY R. </br> CLOWDUS, JOEL GRIFFIN, and </br> BUFORD PATE, and A, B, and C, </br> FICTICIOUS PARTIES WHO WILL </br> BE ADDED WHEN DISCOVERED, </br> </br> DEFENDANTS. | ) </br> ) </br> ) </br> ) </br> ) </br> ) **CASE NO. CV 03-42** </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

### MOTION TO ALLOW ADDITIONAL
### TESTIMONY FROM AN EXPERT WITNESS

COMES NOW the Plaintiff and would move this Honorable Court to reopen the testimony before this Court to allow the Plaintiff to set out certain issues that are germane to the case in chief and would be required upon appeal. As support of this Motion, the Plaintiff would says as follows:

1. That the testimony in the trial was abbreviated to accommodate the schedule of the Defendant ant the Court.

2. That there was a delay in the proceedings based on the failure of the Defendant to have his party available at the appointed time for trial.

3. That witnesses were taken out of order in an effort to "speed" the trial forward, but that in that effort, certain information that would be critical to an appeal was not placed in the record.

4. That the conveying documents of title were not put into the record, and that the ability of the Plaintiff to have a legal basis for his claim may well have been omitted on the record, but was clearly contemplated by all the parties.

Exhibit "A"

5. That the Plaintiff has a legitimate Warranty deed conveying the right of easement in question to him, and that if the case were appealed, there is currently no record of that document.

6. That the Plaintiff must have a record complete so that any appeal would not be denied upon technical grounds, before the merit of his claim were adjudicated or reviewed by the appellate court.

7. That the apparent ruling by the trial court that the easement is "ambiguous on its face" is a ruling of law, and that such a ruling would be reviewed "de novo" upon appeal.

8. A "de novo" appeal requires a greater degree of evidence from the Plaintiff that a limited appeal.

9. The ends of justice require further testimony on the legal basis of the claim by the Plaintiff and such a claim can only be presented by expert testimony.

10. That the expert that the Plaintiff would expect to call is Michael Atchison, owner and operator of Shelby County Abstract, and a practicing lawyer.

11. That the expert witness has a long history with the county and the Court, and that his testimony would be brief and to the point.

12. That the Plaintiff is covered by a title policy issued by Lawyers Title Insurance Corporation, under policy number 136-01-367582, issued October 6, 1998, and that such policy insures the easement in question, and any Order of this Court could be the author of a claim against the title insurance company, and the record should be complete.

WHEREFORE THESE PREMISES CONSIDERED, the Plaintiff would request that this Court convene this cause at a specific date and time for additional testimony relating to the legal claim of the Plaintiff.

Stephen L. Sexton

OF COUNSEL:
Sexton, Cullen & Jones, P. C.
2116 10th Avenue South
Birmingham, Alabama 35205
(205) 252-5361

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above and foregoing upon the following by delivering a copy of the same in the U. S. Mail, properly addressed and postage prepaid, this the 22nd day of January, 2004.

Stephen L. Poer
Campbell, Waller & Poer, L.L.C.
Suite 450
2100-A SouthBridge Parkway
Birmingham, Alabama 35209

Robert E. Moorer
Suite 305
3 Office Park Circle
Birmingham, Alabama 35205

_____
OF COUNSEL



Michael B. Odom
Direct Dial: 205.254.1480
mbo@hsy.com

Haskell Slaughter Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
t. 205.251.1000 | f. 205.324.1133

January 3, 2007

**VIA HAND DELIVERY**

Mr. Baird Allis
United States District Court
Northern District of Alabama
Hugo Black United States Courthouse
4th Floor
1729 5th Avenue North
Birmingham, Alabama 35203

      *Re:*    *Warren K. Bailey v. Lawyers Title Insurance Company*
              **Civil Action No.: CV-06-AR-0159-S**

Dear Baird:

      Enclosed please find a copy of Plaintiff Warren Bailey's Motion to Allow Additional Testimony From Expert Witness in the Shelby County lawsuit. This is the only pleading from the state court litigation which is in our possession which has not been produced previously. Defendant has no objection to this document being included in the Court's record on summary judgment.

      Thank you for your attention to this matter. Please call me if you have any questions or need any additional information.

                                     Sincerely,

                                     Michael B. Odom

MBO:lwc:476062

cc:    Frank C. Galloway, III, Esq.
        Jesse P. Evans III, Esq.